IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HAEMONETICS CORP. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 05-12572 (NMG) |
| v. ) | |
| ) | Judge Nathanial M. Gorton |
| BAXTER HEALTHCARE CORP. ) | Magistrate Judge |
| ) | Marianne B. Bowler |
| Defendant. ) | |
| ) | |

**STIPULATED PROTECTIVE ORDER**

To facilitate production and receipt of information during discovery in the above-referenced action, plaintiff Haemonetics Corp., and defendant Baxter Healthcare Corp., have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

Upon consideration of the record and proceedings herein and the stipulation of the parties:

IT IS ORDERED THAT:

1. **"CONFIDENTIAL INFORMATION" Defined**: "CONFIDENTIAL INFORMATION" shall mean and include any documents (whether in hard copy or computer readable form), things, deposition testimony and exhibits, responses to discovery requests, pleadings or other information/matter provided in discovery in this action ("Discovery Material"), which contain non-public, confidential or proprietary information, whether personal or business-related. Any party to this action, or a third-party producing Discovery Material in response to a subpoena ("Designating Party") may designate its Information as

CONFIDENTIAL. CONFIDENTIAL INFORMATION shall not include any Discovery Materials that:

    a.    have been or become lawfully in the possession of the party receiving the same ("Receiving Party") through communications other than production or disclosure in this action; or

    b.    have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party.

2.    **Manner of Designation**: The designation of Discovery Material in the form of documents, responses to discovery requests, or other tangible materials (including, without limitation, CD-ROMS and tapes) other than depositions or other pretrial testimony as CONFIDENTIAL shall be made by conspicuously affixing the appropriate legend on each page (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. To the extent practical, the CONFIDENTIAL INFORMATION designation shall be placed near the Bates number.

3.    **Timing of Designations**: All designations of Discovery Material as CONFIDENTIAL INFORMATION shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the Receiving Party, or at such other time as permitted by this Protective Order. The inadvertent failure to so designate does not constitute a waiver of a claim to such designation, and a party may so designate Discovery Material thereafter subject to the protections of this Protective Order for going-forward purposes. In such instances, the Designating Party must provide its designations by producing properly marked

copies of the materials to all other parties with instructions that such other parties shall either destroy or return all copies of the previously produced but undesignated materials they have.

4. **Inadvertent Production of Privileged/Immune Information/Material:**
Furnishings of documents (including physical objects) to the Receiving Party shall not constitute a waiver of the attorney-client privilege, work product immunity or any other privilege or immunity with respect to any document or physical object so furnished, if within seven (7) business days after learning of the inadvertent production, the Designating Party designates any such documents as within a particular privilege or immunity and requests return of any such documents to the Designating Party. Upon a reasonable request by the Receiving Party as to whether a document was inadvertently produced, the Designating Party shall have seven (7) business days to respond. The Designating Party's response shall: (1) state whether the document was or was not inadvertently produced, (2) if applicable, designate the document as within the attorney-client privilege, work product immunity or some other privilege or immunity, and (3) state whether return of the document is requested. Upon request by the Designating Party for return of any such documents designated as within a privilege or immunity, the Receiving Party immediately shall return to the Designating Party all copies of such documents, or shall immediately confirm in writing that all electronic copies of the documents have been deleted from electronic records and all paper copies of the documents have been destroyed. Nothing herein shall prevent the Receiving Party from challenging the propriety of privilege or immunity designations by filing an appropriate motion with the Court. However, the Receiving Party may not rely on the contents of the documents requested for return to support its motion.

5.  **Qualified Persons Defined:** Subject to paragraph 6 of this Protective Order, "Qualified Persons" having access to Discovery Material designated CONFIDENTIAL in this action are:

a.  Cesari and McKenna, LLP, and its employees whose duties and responsibilities require access to such materials;

b.  Sidley Austin LLP, and its employees whose duties and responsibilities require access to such materials;

c.  For all parties, designated in-house attorneys, whose names are listed below and who have responsibility for maintaining, defending or evaluating this litigation, and their non-attorney staffs whose duties and responsibilities require access to such materials:

   1.  For Plaintiff, Lisa Lopez, James O'Shaughnessy and John Perullo; and

   2.  For Defendants, Michael Schiffer, Thomas Borecki, and Bradford Price.

d.  Independent consultants and expert witnesses who are not current employees of any party to this litigation or direct competitors to any party to this litigation and who are retained by or for the parties and their counsel, including technical consultants and accounting or financial experts.

e.  Vendors retained by or for the parties for preparing audiovisual aids, e.g., exhibits, models, graphics and video-tapes for use in the court room, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to

4

such materials, who are not current employees of any party to this litigation or of any direct competitor of any party to this litigation;

  f. The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this action; and

  g. Outside trial consultants, graphic firms, document copying services, document coding or computerization services, or the like who are retained to support outside counsel and who are not engaged in the business of designing or manufacturing medical devices.

  6. **Independent Consultants' Access to CONFIDENTIAL INFORMATION:** Qualified Persons defined in paragraph 5(d) shall be allowed access to CONFIDENTIAL INFORMATION only after the Receiving Party has complied with the following procedure:

  a. Before receiving any CONFIDENTIAL INFORMATION, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the secrecy agreement form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

  b. Outside counsel for the Receiving Party shall furnish a copy of the executed secrecy agreement form to the Disclosing Party, along with a curriculum vitae of the person.

  c. The Disclosing Party will have seven (7) business days to object in writing to the disclosure of CONFIDENTIAL INFORMATION to the particular person. If

objection to the disclosure is made within seven (7) business days, the objecting party shall, not later than five (5) business days after objection, petition the Court for an order prohibiting the disclosure at issue. The objecting party shall have the burden of persuasion that disclosure should not be made. If an objection is made, no CONFIDENTIAL INFORMATION shall be made available to the particular person until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

7. **Restrictions on the Use of CONFIDENTIAL INFORMATION:** CONFIDENTIAL INFORMATION and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals there from, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than to Qualified Persons, and subject to the restrictions in paragraphs 5-6 of this Protective Order. CONFIDENTIAL INFORMATION shall be maintained by the Receiving Party under the overall supervision of outside counsel.

8. **Duty of Care Owed:** Any person in possession of CONFIDENTIAL INFORMATION shall exercise reasonably appropriate care with regard to the storage, custody or use of such CONFIDENTIAL INFORMATION in order to ensure that the confidential nature of the same is maintained.

9. **Unauthorized Disclosures:** If CONFIDENTIAL INFORMATION is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the

attention of the Designating Party and make every reasonable effort to retrieve such CONFIDENTIAL INFORMATION and to prevent further disclosure.

10. **Access to CONFIDENTIAL INFORMATION at Depositions**: When CONFIDENTIAL INFORMATION is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 5-6 of this Protective Order to have access to such CONFIDENTIAL INFORMATION are present.

11. **Use of CONFIDENTIAL INFORMATION at Witness Preparations**: During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown CONFIDENTIAL INFORMATION from any other party's Discovery Materials that appears to be authored or received in the normal course of business by the deponent/witness. Use of CONFIDENTIAL INFORMATION during a deposition shall be subject to compliance with this Protective Order.

12. **Marking Transcripts**: Any deposition transcript containing CONFIDENTIAL INFORMATION shall be so marked on the cover, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested to separate those portions of the transcript containing CONFIDENTIAL INFORMATION and separately bind them from each other and from the non-confidential portions. However, a Designating Party may also designate any portion or all (if appropriate) of the transcript or exhibits as CONFIDENTIAL INFORMATION with page and line references as to the affected testimony, by so advising the deposition reporter (who shall accordingly indicate the designations in the transcripts or exhibits) and all parties in writing, within thirty (30) days after receipt of the transcript. Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be CONFIDENTIAL. In the

event of disagreement about the confidential status of a deposition transcript, it shall be treated as CONFIDENTIAL INFORMATION until this Court rules otherwise.

13. **Marking Pleadings:** Any pleading, paper or other documents filed in this action which contains or discloses CONFIDENTIAL INFORMATION shall be filed in a package under seal and accompanied by a motion for impoundment under Local Rule 7.2. The cover of the package shall provide the case caption and the name of the document(s) being filed under seal and shall prominently display the following text:

> "CONTAINS CONFIDENTIAL INFORMATION FILED
> UNDER SEAL PURSUANT TO THE STIPULATED
> PROTECTIVE ORDER ENTERED IN THE CASE."

The person filing such material shall advise the Clerk that all or a designated portion thereof is subject to this Protective Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.

14. **Preservation of Rights:** Entering into, agreeing to and/or producing or receiving CONFIDENTIAL INFORMATION or otherwise complying with the terms of this Protective Order shall not:

   a. Operate as an admission by any party that any Discovery Material designated as CONFIDENTIAL INFORMATION contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

   b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party

8

that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL INFORMATION;

  c. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

  d. Prejudice in any way the right of a party to assert, if applicable, the attorney client privilege, a claim of work product protection, or any other applicable privilege or protection as to any material/information whose production is sought by any other party or to assert any defense or objection to the use of such material/information at trial.

  e. Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or CONFIDENTIAL INFORMATION should be subject to the terms of this Protective Order;

  f. Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly CONFIDENTIAL INFORMATION;

  g. Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular CONFIDENTIAL INFORMATION more broadly than would otherwise be permitted by the terms of this Protective Order; or

  h. Prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as CONFIDENTIAL INFORMATION by that party.

15.  **Challenging Designations:** The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as CONFIDENTIAL INFORMATION, to challenge or object to that designation shall not be deemed a waiver of a party's right to challenge or object to the designations at any later time. Any party may at any time challenge the designation of any Discovery Material as CONFIDENTIAL INFORMATION, and may request permission to use or disclose information with that designation other than as permitted, pursuant to this paragraph by serving (by facsimile or e-mail transmission) a written request upon counsel for the Designating Party at least seven (7) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date as the written request is transmitted. Such request shall specifically identify the CONFIDENTIAL INFORMATION, including Bates label, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Designating Party shall thereafter respond at the request in writing within seven (7) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

16.  **Instructions for the Court Clerk:** The Clerk of the Court is requested to maintain under seal all documents filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL INFORMATION, including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to contain or paraphrase such information. *But see Local Rule 7.2 (e)*   *NMG 11/21/06*

17.     **Use of CONFIDENTIAL INFORMATION in Court:**  In the event CONFIDENTIAL INFORMATION is used in any Court proceeding in connection with this litigation, it shall not lose its confidential status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

18.     **Rendering Advice of Counsel:**  Nothing in this Protective Order shall bar or otherwise restrict counsel from rendering advise to his or her client with respect to this case and, in the course thereof, relying in a general way upon his or her examination of CONFIDENTIAL INFORMATION produced or exchanged in this case, provided, however, that in rendering such advise and in otherwise communicating with his or her client, counsel shall not disclose (except to persons authorized to receive CONFIDENTIAL INFORMATION under paragraphs 5-6) the specific contents or the source of any CONFIDENTIAL INFORMATION produced by the other party.

19.     **Duration of Obligations:**  All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order after the conclusion of this action, including all appeals, and until further Order of the court, unless the parties agree otherwise in writing.  Any and all originals and copies of Discovery Materials designated CONFIDENTIAL INFORMATION shall, at the request of the Designating Party, be returned to the party within sixty (60) days after a final judgment herein or settlement of this action, or, at the option of the Designating Party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include

CONFIDENTIAL INFORMATION. In the event that outside counsel maintains such documents, it shall not disclose material maintaining any type of CONFIDENTIAL INFORMATION to another party or third party absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Designating Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

20.  **Modifications:** Nothing herein shall prevent any party, or third party, on notice to all parties, from applying to the Court for a modification of this Protective Order. The Court shall also have continuing jurisdiction to modify, amend, or rescind this Protective Order notwithstanding the termination of this action.

21.  **Third Parties:** Third parties who produce information in this action may avail themselves of the provisions of this Protective Order and Discovery Material produced by third parties shall be treated by the parties in conformance with this Protective Order.

22.  **Interim Applicability:** Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

*Subject, specifically, to the provisions of Local Rule 7.2*

IT IS SO ORDERED:

*Nathaniel M. Gorton*
United States District Judge

Dated: 11/21/06

12