**United States District Court**
**District of Massachusetts**

```
_____
                                    )
Haemonetics Corp.,                  )
          Plaintiff,                )
                                    )
          v.                        )    Civil Action Nos.
                                    )    05-12572-NMG
Fenwal, Inc.,                       )    09-12107-NMG
          Defendant.                )
_____ )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

These cases arise from a patent dispute between Haemonetics Corp. ("Haemonetics") and Fenwal, Inc. ("Fenwal") concerning a red blood cell ("RBC") separation device. Only the background relevant to the plaintiff's Motion for a Status Conference is included here, as this dispute stretches back over five years and two separate actions.

**I.   Background**

**A.   The '05 Case**

On December 22, 2005, Haemonetics, a manufacturer of instruments used to collect and separate blood samples, filed suit ("the '05 Case") against Baxter Healthcare Corp. (later adding Fenwal as a defendant) for infringement of U.S. Patent No. 6,705,983 ("the '983 Patent"), which Haemonetics owns by assignment. The '983 Patent relates to a centrifuge device which

separates and collects RBCs from a donor's drawn blood before transfusing the purified components to the donor, thus yielding up to double the volume of RBCs from a single donation as compared to manual collection.  The device consists of two parts: a vessel in which the blood separation takes place ("the Vessel") and tubing which carries blood in and out of the vessel ("the Tubes").

On July 13, 2007, the Court presided over a <u>Markman</u> hearing regarding the construction of disputed terms, including "centrifugal unit" in Claim 16.  The parties agreed that "a centrifugal unit comprising a centrifugal component and a plurality of tubes" meant both the Vessel and the Tubes but they disagreed as to the meaning of the two subsequent references to "centrifugal unit" in the same claim.  On August 16, 2007, the Court issued a claim construction order in which it found that the disputed term "centrifugal unit" referred to the Vessel only.

Following claim construction and discovery, the case proceeded to a jury trial in January 2009.  The Court allowed Haemonetics' motion for Judgment as a Matter of Law ("JMOL") that Claim 16 was not indefinite.  The jury returned a verdict for Haemonetics and awarded damages of over $18 million in lost profits and royalties.  The Court subsequently entered a Permanent Injunction and Provisional Royalty requirement.

In August 2009, Fenwal appealed to the Federal Circuit, arguing that this Court erred in its construction of "centrifugal unit" in Claim 16 and in allowing JMOL that Claim 16 was not indefinite.  In June 2010, the Federal Circuit concluded, contrary to this Court's construction, that "centrifugal unit" in Claim 16 "consistently means a vessel and a plurality of tubes." Haemonetics Corp. v. Baxter Healthcare Corp., 607 F.3d 776, 783 (Fed. Cir. 2010).  The Federal Circuit vacated this Court's JMOL and remanded for further proceedings, including a determination of 1) the meaning of "radius" and "height" under the correct claim construction of "centrifugal unit" and 2) whether claim 16 is definite.  The Federal Circuit also vacated the jury verdict and the award of prospective damages which were found to be based upon an incorrect claim construction.

**B.   The '09 Case**

During the pendency of the appeal in the '05 case, Fenwal designed a new version of its product which it believed avoided infringement of the '983 Patent.  In December 2009, Haemonetics commenced a new action against Fenwal ("the '09 Case") seeking a declaration that Fenwal's redesigned separation cup continued to infringe the '983 Patent.

On July 13, 2010, this Court held a status conference to determine the effect of the Federal Circuit's decision on both the '05 and '09 Cases.  Haemonetics maintained that there is

-3-

still an active dispute with respect to the redesigned product
and that another claim construction hearing before this Court is
necessary to construe other terms in Claim 16, specifically
"plurality of tubes."  Fenwal responded that the case should
proceed to consideration of motions for summary judgment.  Due to
Haemonetics' then-pending petition in the Federal Circuit for
rehearing en banc of the appeal in the '05 Case, the parties
agreed that two weeks after the issuance of the impending mandate
the plaintiff would submit its infringement contentions to which
the defendant would file its timely response thereafter.

Haemonetics' petition for rehearing en banc was denied on
August 13, 2010, and the Federal Circuit issued its judgment as a
mandate on August 20, 2010.  On September 9, 2010, Haemonetics
filed its infringement contentions and a Motion for Status
Conference in order to discuss scheduling and other pre-trial
proceedings.  On September 17, 2010, Fenwal filed its opposition,
arguing that the plaintiff's motion fails to set forth grounds
for such a conference and that the plaintiff's previously
articulated grounds are untenable.  Fenwal asks the Court to
issue a briefing schedule for dispositive motions.  On October 1,
2010, Haemonetics filed a reply to Fenwal's opposition to which
Fenwal has since filed a sur-reply.

-4-

## II. <u>Analysis</u>

### A. **Legal Standard**

The convening of a pretrial conference is not compulsory and falls within the discretion of the Court. <u>See</u> Fed. R. Civ. P. 16; <u>Levin</u> v. <u>Dalva Bros., Inc.</u>, 459 F.3d 68, 72 (1st Cir. 2006); <u>AFL-CIO Laundry & Dry Cleaning Int'l Union</u> v. <u>AFL-CIO Laundry</u>, 70 F.3d 717, 719 n.2 (1st Cir. 1995). The applicable local rules provide that an initial scheduling conference shall be convened for every civil action, with some exceptions, and that subsequent conferences are within the Court's discretion. <u>See</u> LR 16.1, 16.3. For patent infringement cases, additional items to be considered include the timing for disclosing initial infringement and invalidity positions and the process for and timing of a claim construction hearing. <u>See</u> LR 16.6.

### B. **Application**

The plaintiff argues that this Court must convene a conference pursuant to Local Rule 16.6 in order to comply with the Federal Circuit's opinion but that is not how this Court construes the decision. The initial scheduling conference required by the applicable local rules was properly convened and the additional items relevant to patent infringement cases were considered. The plaintiff is not now entitled to a second bite at the apple. In its motion, the plaintiff fails to proffer specific grounds for such a conference, beyond its belief that

this Court must return to the initial procedures required by
Local Rule 16.6.

At the conference in July 2010, the plaintiff suggested that
an additional status conference is necessary to schedule, in
essence, another Markman hearing to construe the meaning of
"plurality of tubes" in Claim 16.  The plaintiff's argument is
unavailing, however, because the parties already have a
stipulated and shared understanding of the construction of
"plurality of tubes."  As the defendant points out, the parties
stipulated to the construction of "plurality of tubes" as meaning
"two or more conduits that transport liquid materials (e.g. blood
and blood components) into and out of the vessel."[1]

The plaintiff admits that the parties have agreed on the
meaning of "plurality" and "tubes" but denies that they have
agreed on the meaning of "plurality of tubes."  Such an argument
is pure sophistry.  Throughout this protracted litigation, both
parties consistently identified the "plurality of tubes" as the
umbilicus.  Nothing in the Federal Circuit's opinion compels this
Court to revisit the construction of "plurality of tubes."

Furthermore, the doctrine of judicial estoppel prevents
Haemonetics from now asserting a different construction of
"plurality of tubes."  Under that doctrine, a party may not
assert a claim in a legal proceeding "that is inconsistent with a

---

[1] The Stipulated Constructions for the '983 Patent are listed in Table A
of the '05 Case, Docket No. 32, Exhibit 11.

position taken by that litigant either in a prior legal
proceeding or in an earlier phase of the same legal proceeding."
InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003); see
also New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  In
particular, "a party may be judicially estopped from asserting
clearly inconsistent positions on claim construction."
Transclean Corp. v. Jiffy Lube Int'l, Inc., 474 F.3d 1298, 1307
(Fed. Cir. 2007).

Prior to the jury trial in the '05 Case, Haemonetics filed a
motion in limine to preclude Fenwal from asserting ambiguity with
respect to any terms not previously identified as requiring
construction and to prevent Fenwal from seeking any construction
of terms not asserted at the Markman hearing, including
"plurality of tubes."  The Court allowed the plaintiff's motion
in limine.

The plaintiff's latest effort to obtain a new construction
of "plurality of tubes" is inconsistent with its earlier,
successful motion in limine.  Consideration of a new construction
of that term by this Court would afford an unfair advantage to
Haemonetics, impose a detriment on Fenwal and unnecessarily
prolong these proceedings.

**ORDER**

In accordance with the foregoing, plaintiff's Motion for Status Conference (Docket No. 60) is **DENIED**.  Dispositive motions in this case, if any, shall be filed on or before November 12, 2010, and opposed, if at all, on or before December 10, 2010.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated October 13, 2010